IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA TRESSLER | : | CIVIL ACTION |
| 106 2nd Street | : | No.: |
| PO Box 291 | : | |
| Centre Hall, PA 16828 | : | |
| | : | TRIAL BY JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CENTRE COUNTY | : | |
| 700 Rishel Hill Road | : | |
| Bellefonte, PA 16823 | : | |
| | : | |
| CENTRE COUNTY CORRECTIONAL | : | |
| FACILITY | : | |
| 700 Rishel Hill Road | : | |
| Bellefonte, PA 16823 | : | |
| | : | |
| GLENN IRWIN | : | |
| 700 Rishel Hill Road | : | |
| Bellefonte, PA 16823 | : | |
| | : | |
| CHRISTOPHER SCHELL | : | |
| 700 Rishel Hill Road | : | |
| Bellefonte, PA 16823 | : | |
| | : | |
| HENRY NAPOLEAN | : | |
| 700 Rishel Hill Road | : | |
| Bellefonte, PA 16823 | : | |
| | : | |
| CO MEDFORD | : | |
| 700 Rishel Hill Road | : | |
| Bellefonte, PA 16823 | : | |
| | : | |
| CO VANGORDER | : | |
| 700 Rishel Hill Road | : | |
| Bellefonte, PA 16823 | : | |
| | : | |
| CO RUPERT | : | |
| 700 Rishel Hill Road | : | |
| Bellefonte, PA 16823 | : | |

1

CO QUIGLEY                                   :
700 Rishel Hill Road                         :
Bellefonte, PA 16823                         :
                                             :
JOHN DOE CORRECTIONS OFFICERS   :
700 Rishel Hill Road                         :
Bellefonte, PA 16823                         :
                                             :
PRIMECARE                                    :
700 Rishel Hill Road                         :
Bellefonte, PA 16823                         :
                                             :
JOHN DOE MEDICAL DIRECTOR         :
700 Rishel Hill Road                         :
Bellefonte, PA 16823                         :
                                             :
CRYSTAL REAMS                             :
700 Rishel Hill Road                         :
Bellefonte, PA 16823                         :
                                             :
BRENDA PETERS                            :
700 Rishel Hill Road                         :
Bellefonte, PA 16823                         :
                                             :
CASSANDRA NICHOLS                    :
700 Rishel Hill Road                         :
Bellefonte, PA 16823                         :
                                             :
ALESHA WEAVER                           :
700 Rishel Hill Road                         :
Bellefonte, PA 16823                         :
                                             :
DESIREE SHERAN                          :
700 Rishel Hill Road                         :
Bellefonte, PA 16823                         :
                                             :
DEANNA BRISCO                           :
700 Rishel Hill Road                         :
Bellefonte, PA 16823                         :
                                             :
KELSEY SCHMIDT                         :
700 Rishel Hill Road                         :
Bellefonte, PA 16823                         :

2

NATHAN FIGART                :
700 Rishel Hill Road       :
Bellefonte, PA 16823      :
                                   :
STEPHANIE STRUBLE   :
700 Rishel Hill Road       :
Bellefonte, PA 16823      :
                                   :
DESIREE SHERAN       :
700 Rishel Hill Road       :
Bellefonte, PA 16823      :
                                   :
JADE LOSE                   :
700 Rishel Hill Road       :
Bellefonte, PA 16823      :
                                   :
RITA CAMACHO          :
700 Rishel Hill Road       :
Bellefonte, PA 16823      :
                                   :
&                                     :
                                   :
JOHN DOE MEDICAL PROVIDER  :
700 Rishel Hill Road       :
Bellefonte, PA 16823      :
                                   :
                    Defendants.      :

## **COMPLAINT**

Plaintiff, Jessica Tressler, by and through her attorney, Brian Zeiger, Esq., hereby alleges the following:

## **PARTIES**

1.     Plaintiff Jessica Tressler is an adult individual who currently resides at.

2.     Defendant Centre County, is a Municipality in Pennsylvania, doing business at 700 Rishel Hill Road, Bellefonte, PA 16823.

3.     Defendant Centre County Correctional Facility (hereinafter "CCCF"), doing business at

3

700 Rishel Hill Road, Bellefonte, PA 16823.

4.      Defendant PrimeCare, is a subcontractor of Defendant Centre County, doing business at doing business at 700 Rishel Hill Road, Bellefonte, PA 16823.

5.      Defendants Glenn Irwin and Christopher Schell were supervisors at CCCF at all times relevant to the instant matter, and are being sued in their official capacity only. Irwin and Schell do business at 700 Rishel Hill Road, Bellefonte, PA 16823. Irwin and Schell were personally involved and directly responsible for decision-making, practice, procedures, policy, training, and customs at the CCCF at all times relevant to the instant matter.

6.      Defendant John Doe Medical Director is and was at all times relevant to this action the Medical Director at CCCF. They are being sued in their individual and official capacity. Doe was at all times relevant a policy maker with respect to customs, practices, policies and procedures at CCCF. Doe was personally involved in Plaintiff's medical treatment.

7.      Defendants Crystal Reams, Brenda Peters, Cassandra Nichols, Alesha Weaver, Desiree Sheran, Deanna Brisco, Kelsey Schmidt, Nathan Figart, Stephanie Struble, Desiree Sheran, Jade Lose, Rita Camacho and John Doe Medical Providers were working as medical professionals at all times relevant to the instant matter, and regularly conducted business at 700 Rishel Hill Road, Bellefonte, PA 16823, and were all personally involved in depriving Plaintiff of needed medical care, and are all being sued in their individual capacity.

8.      Based upon information and belief, Defendants Crystal Reams, Brenda Peters, Cassandra Nichols, Alesha Weaver, Desiree Sheran, Deanna Brisco, Kelsey Schmidt, Nathan Figart, Stephanie Struble, Desiree Sheran, Jade Lose, Rita Camacho and John Doe Medical Providers were employees of Defendant PrimeCare at all time relevant to the instant matter, and conduct

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

business at 700 Rishel Hill Road, Bellefonte, PA 16823.

9.      Defendant Henry Napoleon was Plaintiff's counselor at CCCF at all time relevant to the instant complaint, is being sued in his individual capacity, and regularly conducts business at 700 Rishel Hill Road, Bellefonte, PA 16823.

10.     Defendants Medford, Vangorder, Rupert, Quigley, and John Doe Corrections Officers were all working as corrections officer at the CCCF at all time relevant to the instant matter, are all being sued in their individual capacity and all regularly conduct business at 700 Rishel Hill Road, Bellefonte, PA 16823.

11.     At all times material hereto, the Defendants acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of Defendant Lucas County.

## JURISDICTION AND VENUE

12.     This action is brought pursuant to 42 U.S.C. § 1983.

13.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

## FACTUAL BACKGROUND

14.     Plaintiff re-alleges each and every averment as set forth previously, as if the same were set forth here in full.

15.     On or about April 1, 2022, Plaintiff was an inmate at the Center County Correctional Facility in Bellefonte, PA, for a violation of probation, where she remained until April 18, 2022.

16.     During Plaintiff's stay at the CCCF, she was not properly treated for opiate withdrawal and a urinary tract infection. As a result of the lack of care or grossly deficient care for those conditions, she had a gastrointestinal bleed, sepsis, and an electrolyte disturbance complicated by

5

dehydration, which ultimately required her to have heart valve replacement surgery. Further, if she had the proper antibiotic treatment for bacteremic sepsis, she would have avoided valve damage.

17.     On April 18, 2022, the plaintiff was removed from the CCCF and transported to a Mount Nittany Medical Center for medical care.

18.     Eventually, the Plaintiff was life-flighted to Geisinger Hospital, where she underwent lifesaving medical procedures, including heart valve surgery.

19.     The plaintiff was labeled as a drug-seeking faker throughout her incarceration by the individual defendants at the CCCF, was generally denied medical care, and was refused medication because she could not ambulate.

20.     The conditions of her confinement were abhorrent, and the actions of the Defendants were shameful, as outlined *infra*. As relevant to the instant matter, the following is a timeline of the cacophony of events related to the deprivations of care and medical negligence regarding plaintiff's treatment at the CCCF.

      a.   On April 1, 2022, Defendant Crystal Reams responded to Plaintiff's complaints of severe back pain. Reams noted Plaintiff's blood pressure was severely elevated but did not provide her with any medical care. Further, Reams indicated Plaintiff had pain in her left side around the "flank" area.

      b.   Later, on April 1, 2022, Defendant Peters appeared at Plaintiff's cell. Plaintiff begged Peters for help, but Peters labeled her a drug-seeking faker on her chart, ignored her complaints, and denied Plaintiff medical care.

      c.   Later, on April 1, 2022, Defendant Peters appeared at Plaintiff's cell. The plaintiff

6

Levin & Zeiger LLP
1500 JFK Blvd, Suite 620
Philadelphia, Pennsylvania 19102
215.546.0340

told Peters about pain at or near her kidneys. The plaintiff told Peters she believed she

had a kidney infection and asked for treatment. However, Peters believed Plaintiff to

be drug-seeking and feigning pain, so she denied Plaintiff care.

d.  Also, on April 1, 2022, Defendants Camacho and Struble prescribed testing for

Plaintiff but did not follow up and did not give Plaintiff medical treatment in regard

to the testing.

e.  On April 2, 2022, Defendants Nichols and Medford appeared at Plaintiff's cell. The

plaintiff complained of "flank" pain. Nichols and Medford observed Plaintiff urinate

and checked her prescriptions. The plaintiff was not provided any additional medical

care.

f.  Later, on April 2, 2022, Defendant Peters returned to Plaintiff's cell, discussed

Plaintiff's pain level, belittled Plaintiff, and told Plaintiff she would not get any

additional medication for pain.

g.  On April 3, 2022, Plaintiff was denied all medical care.

h.  On April 4, 2022, Defendant Sheran, acknowledged Plaintiff had a urinary tract

infection, but did nothing to follow up and did not provide Plaintiff with any

additional medical care or monitoring of Plaintiff.

i.  On April 5, 2022, Defendant Figart examined Plaintiff and performed a physical, but

did not give Plaintiff any medical care. He observed blood in Plaintiff's urine and

noted her kidney pain but did not give her any additional medical treatment.

j.  Also, on April 5, 2022,  Defendant Camacho approved an order from Defendant

Schmidt to give Plaintiff an anti-inflammatory medicine. Defendant Camacho did not

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

personally examine Plaintiff.

k.  On April 6, 2022, Defendant Peters again appeared at Plaintiff's cell and refused to provide Plaintiff medical.

l.  On April 7, 2022, the Plaintiff was not provided with any medical care. However, Defendant Camacho reviewed her chart, which revealed a urinary tract infection, yet Plaintiff was not given any additional care, nor was she personally examined by Defendant Camacho.

m.  On April 8, 2022, Defendant Nichols appeared at Plaintiff's cell. Plaintiff begged for medical care due to kidney pain, and Defendant Nichols gave Plaintiff a "Gatorade."

n.  On April 9, 2022, Defendant Struble examined Plaintiff but did not give Plaintiff any medical treatment or care.

o.  On April 9, 2022, Defendant Struble and Camacho ordered Tylenol for Plaintiff. Defendant Camacho did not personally examine Plaintiff.

p.  On April 10, 2022, Defendant Lose reviewed Plaintiff's chart and indicated that Plaintiff's detox was complete but did not provide Plaintiff with any medical care.

q.  On April 10, 2022, Defendant Weaver, Vangorder, and Rupert appeared at Plaintiff's cell. Plaintiff told Weaver, Vangorder, and Rupert she could not feel her legs. Plaintiff was lying face down in her bed and was unable to ambulate. Weaver offered Plaintiff a "muscle rub" and an increased dosage of Tylenol. Plaintiff was denied any additional care.

r.  Later, on April 10, 2022, Defendants Sheran and Vangorder entered Plaintiff's cell, found her to be unconscious, used smelling salt to revive her, and still provided

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

limited to no medical care.

s. On April 11, 2022, Defendant Peters entered Plaintiff's cell, still believing she was faking illness, and provided no care. Peters scolded Plaintiff regarding her inability to ambulate.

t. On April 12, 2022, Plaintiff did not receive any medical care.

u. On April 13, Defendant Struble reviewed Plaintiff's medical chart and test results. Struble acknowledged abnormal results in Plaintiff's chart, but did not provide any follow-up care for Plaintiff.

v. On April 14, 2022, Defendant Peters and Quigley entered Plaintiff's cell and found Plaintiff naked, lying about her cell, mumbling incoherently. The plaintiff begged to go to the hospital. Peters, again, told Plaintiff she needed to ambulate, and that she would feel better. Again, the Plaintiff was not given any medical care.

w. Later, on April 14, 2022, Defendant Peters returned to Plaintiff's cell; Plaintiff was again unable to ambulate. Peters denied Plaintiff her medication because Plaintiff could not retrieve the medicine from the front of the cell. Plaintiff again asked to go to the hospital but was denied because Peters believed Plaintiff was drug seeking and thereby faking her pain.

x. On April 15, 2022, Defendant Peters arrived outside of Plaintiff's cell and found Plaintiff unclothed listless and mumbling. Plaintiff again asked to go to the hospital, but Peters told Plaintiff that she was drug seeking and that she needed to be completely detoxed. Plaintiff urinated on herself, was then placed on a restraint chair, and moved to a public shower where she was hosed off. The plaintiff was given a

9

"Gatorade" and otherwise denied all medical care.

y.   On April 16, 2022, Plaintiff was denied all medical care.

z.   On April 17, 2022, Defendants Brisco, Schmidt, and Nichols found Plaintiff in her cell, lying in her own urine and feces. The defendants obtained an Order to send the Plaintiff to Mount Nittany Medical Center (hereinafter "MNMC") for medical care.

aa.  The plaintiff was transported to MNMC for medical care.

21.   At the beginning of the term of her incarceration, corrections officers and medical staff brought medication to Plaintiff's cell. However, after several days, the corrections officers and medical staff stopped bringing medication to Plaintiff's cell, telling her to walk to them to get her meds, but she was unable to ambulate. The plaintiff told corrections officers and medical staff that she could not get out of bed and needed help, but her requests for medical care were generally ignored.

22.   Further, the Plaintiff could not get out of bed to eat meals. During the time period relevant to the instant matter, Plaintiff missed approximately 30 meals.

23.   Plaintiff began to experience chronic diarrhea, and she defecated and urinated on herself routinely. Plaintiff began to lose consciousness—corrections officers and medical staff used smelling salts to bring the Plaintiff back to consciousness.

24.   On April 17, 2022, Plaintiff was unable to get out of bed in her cell, and she asked for help getting cleaned up after she defecated on herself. She was left sitting in her own feces for approximately five hours when corrections officers and medical staff entered Plaintiff's cell to help Plaintiff get cleaned up. Medical staff entered the Plaintiff's cell to check on her.

25.   Finally, after medical staff entered her cell, Plaintiff was rushed to MNMC. At the

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

MNMC, she was diagnosed with internal bleeding, septic shock, a blood infection, pneumonia, and endocarditis in two heart valves. The plaintiff was placed on a ventilator.

26.     However, the doctors at MNMC could not properly treat Plaintiff. The plaintiff was life-flighted to Geisinger Hospital, where she remained for approximately four months.

27.     The plaintiff had open heart surgery to replace two valves in her heart. The plaintiff had a second heart surgery due to an infection in her heart valve.

28.     Throughout the time of her incarceration, Plaintiff told correctional and medical staff she was not feeling well and had trouble moving around, and she was labeled a faker and a drug seeker.

29.     Notably, Plaintiff avers that Defendants Peters and Quigley continued to deny her care, chide her, and refuse to help her in any way.

30.     Defendant Napoleon was Plaintiff's counselor at the time of her incarceration. Napoleon was aware that Plaintiff was in need of medical care, but did nothing to object to the gross lack of care Plaintiff was receiving from the correction officer defendants and medical provider defenders. Further, Plaintiff avers that Napoleon knew PrimeCare short-staffed the area at the CCCF where Plaintiff was housed and did nothing to get Plaintiff appropriate medical care.

31.     Defendants Centre County and PrimeCare have a long and distinguished history of denying inmates medical treatment:

   a.   In *Bush v. PrimeCare Med., Inc.*, 1:11-1738, Plaintiff was an inmate at the CCCF who desperately needed dental treatment for his teeth and gums. His complaints were ignored, and he was never given the proper dental treatment, which caused permanent damage.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

b. In *Gwilymjr v. Centre County Correctional Facility, et al.*, 3:12-cv-2605, the Plaintiff was an inmate at the CCCF, suffered from multiple sclerosis, and was generally denied medical care for his ailments.

c. In *Fite v. PrimeCare*, 4:14-cv-781, was an inmate at the CCCF and generally denied medication for mental health issues for weeks. He continually asked for his medication, but the medical staff at the prison refused to provide him with the necessary treatment

d. In *Rossman v. PrimeCare Med.*, 4:21-cv-703, Rossman was in a terrible car accident and had surgery to repair his injuries. After the surgery, he was housed at the CCCF and given specific instructions for aftercare, which were ignored by the staff at the prison. As a result, the hardware from the surgery became loose, and he became a tetraplegic.

32.     In April 2022, Centre County contracted with PrimeCare to provide medical care to all prisoners and pretrial detainees housed in the CCCF.

33.     Centre County, along with PrimeCare, was responsible for creating, implementing, and enforcing policies, practices, and procedures to ensure that all pretrial detainees and prisoners are provided proper medical healthcare while in their custody.

34.     As a direct and proximate cause of the Defendants' actions and inactions, Plaintiff suffered immense physical injuries, and the delay in care caused her to have an invasive surgical procedure.

35.     Centre County, along with PrimeCare failed to create, implement, and enforce policies, practices and procedures to ensure that proper care was provided to the Plaintiff.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

36.     Centre County, along with PrimeCare, failed to ensure medical personnel properly examined inmates complaining of physical health complaints while in their custody.

37.     Centre County, along with PrimeCare, failed to ensure that PrimeCare referrals were properly referred to outside medical professionals to provide care for inmates.

38.     Centre County, along with PrimeCare, failed to provide medical personnel and staff to treat inmates with physical complaints and medical conditions while living at the CCCF.

### COUNT I:
### FAILURE TO PROTECT AND DENIAL OF MEDICAL CARE
### FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C § 1983
### PLAINTIFF V. ALL DEFENDANTS

39.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

40.     The plaintiff repeatedly complained of severe pain.

41.     Defendants did not properly investigate or treat Plaintiff's medical complaints.

42.     Defendants did not properly learn the cause or condition of Plaintiff's medical complaint.

43.     Defendants labeled Plaintiff's complaints as drug seeking and faking and did not provide Plaintiff with proper medical care.

44.     Defendants labeled Plaintiff as a drug seeker.

45.     Defendants failed to protect Plaintiff's physical well-being.

46.     Defendants deliberately, recklessly, and with conscious disregard for Plaintiff's well-being ignored Plaintiff's complaints of physical pain.

47.     Defendants deliberately, recklessly, and with conscious disregard for Plaintiff's well-being ignored Plaintiff's obvious need for medical treatment and evaluation.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

48.     Defendants deliberately, recklessly, and with conscious disregard for Plaintiff's well-being denied Plaintiff medical care.

49.     Defendants deliberately, recklessly, and with conscious disregard of Plaintiff's wellbeing, failed to ensure that Plaintiff received prompt medical attention;

50.     Defendants acted deliberately, recklessly, and with a conscious disregard of the obvious risk that Plaintiff had a serious medical issue.

51.     Defendants' actions caused Plaintiff to needlessly suffer, served no penological purpose, and caused her immense pain and, eventually, far more invasive surgery resulting in a permanent injury.

52.     As a direct and proximate cause of Defendants' actions, Plaintiff suffered injury, immense physical pain, humiliation, and fear.

        WHEREFORE, Plaintiff claims of Defendants a sum in excess of five million dollars ($5,000,000) in compensatory damages, punitive damages, delay damages, attorneys fees and allowable costs of suit and brings this action to recover the same. Plaintiff is not seeking punitive damages against the Municipality.

### COUNT II:
### SUPERVISOR LIABILITY –
### FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983
### PLAINTIFF V. DEFENDANTS IRWIN, SCHELL AND DOE SUPERVISORS

53.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

54.     Defendants Irwin, Schell, and Doe Medical Director were deliberately indifferent to the needs of Plaintiff being held in the behavior health wing.

55.     Upon information and belief, Defendants were aware that certain policies and customs

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

posed a grave danger to inmates detained in the Correctional Facility, including the Plaintiff.

56.     Defendants maintained a policy of staffing the CCCF with inadequate medical providers.

57.     Defendants did not properly refer the Plaintiff to the proper physician to treat her complaints of pain.

58.     The policy, procedures and standard of having rounds conducted from the front of the cell and not having a physical healthcare provider actually physically examine Plaintiff, were defective and therefore failed the Plaintiff ultimately causing her Plaintiff severe pain and suffering.

59.     In spite of such knowledge, Defendants did nothing to implement corrective policy or correct customs, which Defendants knew posed a serious danger to inmates and pre-trial detainees, including Plaintiff.

60.     The Defendants were deliberately indifferent to the well-being of the inmates detained in the CCCF, including the Plaintiff.

61.     Defendants knew of their supervisory failures and knew that ill detainees were not receiving adequate treatment but deliberately failed to correct the problem.

62.     Defendants were aware of a substantial risk that ill detainees would not receive proper medical care.

63.     Defendants were deliberately indifferent to the consequences of their established policies and customs.

64.     The defendant's establishment and maintenance of the above-mentioned policies and customs directly caused the plaintiff to be deprived of her constitutional rights.

65.     As a direct and proximate result of the Defendants' deliberate indifference, Plaintiff

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

suffered immense physical pain, humiliation, fear, physical injuries, and death. Moreover, the

Plaintiff's family suffered mental anguish and a loss of companionship, comfort, financial

support, and guidance.

66.     Plaintiff also makes a claim for such injuries, damages and consequences resulting from

the incident of which she has no present knowledge.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of five million dollars

($5,000,000) in compensatory damages, punitive damages, delay damages, interest, attorneys

fees, and allowable costs of suit and brings this action to recover same. The plaintiff is not

seeking punitive damages against the Municipality.

**COUNT III:**
**MUNICIPAL LIABILITY – PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF V. DEFENDANT CENTRE COUNTY and PRIMECARE**

67.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this

Complaint and incorporates them herein by reference as if the same were set forth at length.

68.     Defendants Centre County and PrimeCare promulgated and maintained policies and

customs, as pled at length above, which were the moving force that caused the Plaintiff's

constitutional and statutory rights to be violated.

69.     Defendants Centre County and PrimeCare failed to adhere to protocol in detecting and

safeguarding inmates when inmates made medical complaints.

70.     Defendants Centre County and PrimeCare maintained a policy of not staffing the mental

health ward with the proper doctors and medical staff to treat the non-psychiatric medical needs

of inmates.

71.     Defendants Centre County and PrimeCare had a policy of allowing staff to conduct

16

rounds from the front of the cell without actual entry into the cell to properly examine and evaluate pretrial detainees.

72.     Defendants Centre County and PrimeCare maintained a policy of not having a medical provider to properly examine inmates complaining of pain.

73.     Defendants Centre County and PrimeCare maintained a policy of not properly ensuring referrals for radiographic film study were speedy, and failed to properly follow up referrals.

74.     Defendants Centre County and PrimeCare maintained a custom among behavioral health care providers to not properly investigate the cause or condition of inmate complaints in the mental health ward and treat inmates complaining of physical ailments in the mental health ward as somatic or psychosomatic.

75.     All of the pled policies and customs were implemented before, during, and after Plaintiff's detention at the Correctional Facility.

76.     Defendants Centre County and PrimeCare knew of the dangers posed by these policies and customs.

77.     Specifically, Defendants Centre County and PrimeCare were fully aware prior to the time period of Plaintiff's incarceration of the serious and extreme danger posed by not properly providing medical care to inmates in the mental health ward.

78.     Despite this prior knowledge, Defendants Centre County and PrimeCare took no steps to enact proper policies to remedy the problematic policies and customs.

79.     Had Defendants Centre County and PrimeCare properly promulgated appropriate protocol, not had an improper custom, or adequately trained and/or supervised the individual defendants, the Plaintiff would have received appropriate care and supervision.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

80.     Defendants Centre County and PrimeCare were deliberately indifferent to Plaintiff's constitutional rights.

81.     Defendants Centre County and PrimeCare's policies and customs were a direct and proximate cause of Plaintiff's injuries and damages.

82.     As a direct and proximate result of Defendants Centre County and PrimeCare's policies and customs, Plaintiff suffered immense physical pain, humiliation, fear, and physical injuries.

83.     Plaintiff also makes a claim for such injuries, damages and consequences resulting from the incident of which she has no present knowledge.

        WHEREFORE, Plaintiff claims of Defendants a sum in excess of five million dollars ($5,000,000) in compensatory damages, delay damages, interest, attorneys fees, and allowable costs of suit and brings this action to recover same. Plaintiff is not seeking punitive damages against the Municipality.

## COUNT IV:
## VICARIOUS LIABILITY (PENNSYLVANIA LAW)—RESPONDEAT SUPERIOR
## PLAINTIFF V. DEFENDANT PRIMECARE

84.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length

85.     Defendant PrimeCare's negligence, by and through its agents, servants, and/or employees, within the course and scope of their agency and employment.

86.     Upon information and belief, Defendants PrimeCare employed or hired the individual defendants to provide medical services at the CCCF on their behalf.

87.     The individual employees were providing medical services at the time of the incident during the course of and within the scope of their employment.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

88.     The individual defendants' medical services were for the purpose of benefiting

PrimeCare.

89.     Plaintiff makes a claim for such injuries, damages, and consequences resulting from the

individual Defendants' negligence as outlined within the instant complaint, for which PrimeCare

is vicariously liable.

        WHEREFORE, Plaintiff claims of Defendants a sum in excess of five million dollars

($5,000,000)  in compensatory damages, punitive damages, delay damages, interest, attorneys

fees and allowable costs of suit and brings this action to recover same. Plaintiff is not seeking

punitive damages against the Municipality.

**COUNT V:**
**MEDICAL NEGLIGENCE (PENNSYLVANIA LAW) –**
**PLAINTIFF V. DEFENDANTS PRIMECARE, CAMACHO, PETERS, DESIREE,**
**NICHOLS, STRUBLE, WEAVER, LOSE, BRISCOE, AND FIGART**

90.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this

Complaint and incorporates them herein by reference as if the same were set forth at length.

91.     Defendants PrimeCare, Camacho, Peters, Desiree, Nichols, Struble, Weaver, Lose,

Briscoe, and Figart owed Plaintiff a duty of care.

92.     Defendants breached the duty of care owed to Plaintiff.

93.     The negligent conduct of the Defendant PrimeCare, in course and scope as medical

provider consists of:

        a.   failure to properly hire, train, and supervise their employees;

        b.   failure to oversee and monitor employees;

        c.   failure to implement policies and procedures to safeguard inmates;

19

d.   failure to implement policies and procedures to ensure inmates were given the proper medical care;

e.   failure to properly provide medical care and treatment to inmates under their care.

94.   The negligent conduct of the individual defendants, in the course and scope of their employment with either Defendants PrimeCare and Centre County consists of the following:

a.   negligently and recklessly ignoring Plaintiff's repeated and consistent complaints of pain;

b.   negligently and recklessly failing to properly review medical history records to ensure that Plaintiff's medical conditions were apparent and readily known;

c.   negligently and recklessly failing to perform differential diagnosis in Plaintiff;

d.   negligently and recklessly examining Plaintiff by not giving her an actual physical exam;

e.   negligently and recklessly failing to provide appropriate medical attention to Plaintiff;

f.   negligently and recklessly failing to properly administer necessary medication to treat Plaintiff's cause, condition and complaints of pain;

g.   negligently failing to recognize the appropriate required medical care required by Plaintiff;

h.   failure to have a proper treatment plan in place for the Plaintiff's medical needs;

i.   failure to select and retain only competent healthcare providers, including physicians, nurses, and other healthcare professionals treating Plaintiff;

j.   failure to oversee and monitor all persons who practice medicine within its walls treating Plaintiff;

20

k. failure to formulate, adopt and enforce policies and procedures to ensure quality and care for patients, including policy and procedures requiring the monitoring of Plantiff;

l. negligently failing to properly examine and treat Plaintiff;

m. failing to examine Plaintiff;

n. failing to perform proper testing;

o. failing to properly evaluate Plaintiff's medical issues and needs;

p. failing to properly diagnosis Plaintiff's medical ailment;

q. failing to properly refer Plaintiff to the appropriate doctor or specialist.

95. As a direct and proximate cause of Defendants' negligence, Plaintiff experienced significant pain and suffering.

96. As a direct and proximate cause of Defendants' negligence, Plaintiff was rushed to a hospital, then rushed to a second hospital where she underwent significant heart surgery, and endured significant pain and suffering, both physical and emotional.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of five million in compensatory damages, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to each count and each Defendant.


                                        RESPECTFULLY SUBMITTED,


March 15, 2024                          /s/Brian Zeiger_____
DATE                                    BRIAN ZEIGER

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

IDENTIFICATION NO.: 87063
LEVIN & ZEIGER, LLP
TWO PENN CENTER
1500 JFK BLVD STE 620
PHILADELPHIA, PA 19102
215.546.0340
zeiger@levinzeiger.com

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102
215.546.0340

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA TRESSLER | : | CIVIL ACTION |
| Plaintiff, | : | No.: |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| CENTRE COUNTY, et al. | : | |
| Defendants | : | |
| | : | |

**CERTIFICATE OF MERIT AS TO DEFENDANTS
PRIMECARE and INDIVIDUAL DEFENDANTS CAMACHO, PETERS, DESIREE,
NICHOLS, STRUBLE, WEAVER, LOSE, BRISCOE, AND FIGART**

I, Brian J. Zeiger, Esquire, certify that:

An appropriate licensed professional has supplied a written statement under Rule 1042.3 to the undersigned stating that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by PrimeCare and their agent(s) and employee(s), specifically defendants Camacho, Peters, Desiree, Nichols, Struble, Weaver, Lose, Briscoe, and Figart, and all individual medical provider defendants in the treatment that is the subject of the Complaint, fell outside acceptable professional standards and that such was a cause in bringing about the harm.

RESPECTFULLY SUBMITTED,

March 15, 2024
DATE

/s/Brian Zeiger
BRIAN ZEIGER
IDENTIFICATION NO.: 87063
LEVIN & ZEIGER, LLP
TWO PENN CENTER
1500 JFK BLVD STE 620
PHILADELPHIA, PA 19102
215.546.0340
zeiger@levinzeiger.com

23